IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES H. WASHBURN JR.,<br><br>    Plaintiff,<br><br>v.<br><br>ALEX FAGAN JR., WALTER CONTRERAS, and CITY AND COUNTY OF SAN FRANCISCO, et. al.,<br><br>    Defendants.<br>_____/<br><br>KEVIN ROY JORDAN,<br><br>    Plaintiff,<br><br>v.<br><br>ALEX FAGAN, JR., JASON KRISTAL, and CITY AND COUNTY OF SAN FRANCISCO, et. al.,<br><br>    Defendants.<br>_____/ | No. C-03-00869 MJJ (EDL)<br>No. C-03-1194 MJJ (EDL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL** |

On June 7, 2005, the Court held a hearing on Plaintiffs' May 14, 2005 Joint Motion to Compel. For the reasons set forth at the hearing, the Court issues the following Order.

1. <u>Background investigations</u>. Plaintiffs seek information obtained through the San Francisco Police Department's background investigation of Officer Fagan prior to his employment. The background investigation, which is highly relevant, arguably should have been produced in response to joint request for production of documents four seeking all personnel records for Officer Fagan.

1  Defendants resist production of the background investigation on privacy grounds and based on the
2  official information privilege. Defendants have not made a threshold showing for application of the
3  official information privilege. See <u>Chism v. County of San Bernardino</u>, 159 F.R.D. 531, 533 (C.D.
4  Cal. 1994) (party asserting official information privilege must submit a declaration from the head of
5  the department having control over the matter affirming that the department has collected the
6  information in question and kept it confidential, affirming that the declarant has personally reviewed
7  the material, identifying what government interest or privacy interest would be threatened by
8  disclosure, describing how disclosure would create a substantial risk of harm and projecting how
9  much harm would be done by disclosure).

10  The Court is troubled by Plaintiffs' delay in seeking this material; as early as September
11  2004, Plaintiffs' expert stated in a report that those records would be important. The Court is more
12  troubled, however, by Defendants' unexcused failure to produce Dr. Lenhart's report for more than
13  four months after the Court ordered it produced. The report stated that, "[t]he agency should
14  proceed further with this application of this individual only if background investigation can
15  demonstrate that the issues addressed in this report have not proven more negative than indicated
16  and have not been more disruptive to their employment record," opening the door to discovery of the
17  background investigation materials. On balance, the Court orders the background investigation
18  lodged *in camera* to assess whether any information should be redacted based on privacy and will
19  impose a protective order for any documents ordered produced.

20  2.  <u>Use of Force Logs</u>. Through joint request for production of documents number six and
21  Plaintiff Jordan's request for production of documents number eleven, Plaintiffs seek use of force
22  logs relating to Officers Fagan and Kristal. Plaintiffs contend that they discovered specific use of
23  force entries only after Sergeant Stansberry's recent deposition. Sergeant Stansberry testified that
24  she knew of eight use of force entries for Officer Fagan between the time he left the Academy and
25  September 2002, and one for shooting a dog for Officer Kristal. See Gohel Decl. Exh. B at 188:23-
26  189:7; 189:20-24. Plaintiffs sought this information in June 2004 in a motion to compel, but had no
27  specific information about any uses of force. Sergeant Stansberry's deposition provided specific
28  examples that Plaintiffs are entitled to discover. Therefore, Defendants shall produce documents

1  relating to the use of force log entries to which Sergeant Stansberry testified.

2  3.     <u>Incident reports.</u>  Sergeant Stansberry testified that there were three incident reports attached
3  to her April 30, 2002 counseling memorandum to Officer Fagan.  Plaintiffs had previously obtained
4  the counseling memo with only one incident report attached from a third party.  Plaintiffs claim that
5  they did not realize that there were two more incident reports until Sergeant Stansberry so testified at
6  her deposition.  However, a review of the front page of the memo, which Plaintiffs admit to having
7  for some time, reveals that three reports were attached.  <u>See</u> April 30, 2002 memo ("Attached: SFPD
8  reports 020114766, 020214651 and 020367567.").  Plaintiffs have provided no justification for their
9  delay in seeking the two additional incident reports.  Therefore, Plaintiffs' motion to compel
10 production of those reports is denied.

11 4.     <u>Management Control Division or other records showing responses to Sergeant Stansberry's</u>
12 <u>September 19, 2002 counseling memo</u>.  These records were encompassed within joint requests for
13 production of documents numbers two and four.  Defendants stated at the hearing that they have
14 documents relating to the extension of Officer Fagan's probation as a result of the September 19,
15 2002 counseling memo.  Those documents are relevant and responsive to prior discovery requests.
16 Accordingly, Defendants shall produce documents relating to the decision to extend Officer Fagan's
17 probation, and who reached that decision.

18 5.     <u>Records of any complaints by Sgt. Donnelly, Stocker and Shift and Lt. Feeney related to</u>
19 <u>Fagan's conduct or counseling</u>.  These records were responsive to joint requests for production of
20 documents numbers two and four.  Defendants represented that they have searched Officer Fagan's
21 PIP binder and his personnel file, but have found only one responsive document: a memo from
22 Lieutenant Feeney.  Defendants shall lodge Lieutenant Feeney's memo for *in camera* review.
23 Defendants shall conduct a further search of any places in which responsive documents could
24 logically be found.  If no other responsive documents exist, Defendants shall prepare a declaration
25 detailing the diligent search made to find documents.

26 6.     <u>Records of complaints by Officers Parker, Weggenmann or Kazmaczyk related to Officer</u>
27 <u>Fagan's conduct or counseling</u>.  These records were responsive to joint requests for production of
28 documents numbers two and four.  Defendants represented that they have searched Officer Fagan's

3

1  PIP binder and his personnel file and found no responsive documents. Defendants shall conduct a
2  further search of any places in which responsive documents could logically be found. If no other
3  responsive documents exist, Defendants shall prepare a declaration detailing the diligent search
4  made to find documents.
5  7.    <u>Records of Officer Fagan's alleged fistfight with a fellow recruit at the Academy</u>.
6  Defendants contend that they have searched Officer Fagan's PIP binder and his personnel file and
7  that there are no responsive documents. Defendants shall conduct a further search of any places in
8  which responsive documents could logically be found. If no other responsive documents exist,
9  Defendants shall prepare a declaration detailing the diligent search made to find documents.
10 8.    <u>Records relating to Officer Fagan's alleged destruction in anger of marijuana evidence.</u>
11      Defendants contend that there are no responsive documents. Defendants shall conduct a
12 further search of any places in which responsive documents could logically be found. If no other
13 responsive documents exist, Defendants shall prepare a declaration detailing the diligent search
14 made to find documents.
15 9.    <u>Records related to an incident in which Officer Fagan allegedly threw down a clipboard at</u>
16 <u>Ingleside station</u>. Defendants contend that there are no responsive documents. Defendants shall
17 conduct a further search of any places in which responsive documents could logically be found. If
18 no other responsive documents exist, Defendants shall prepare a declaration detailing the diligent
19 search made to find documents.
20 10.   <u>Training manuals related to supervisors' discipline of SFPD members</u>. Defendants have
21 agreed to search for these training manuals and to produce them if they exist. If no responsive
22 documents exist, Defendants shall prepare a declaration detailing the diligent search made to find
23 documents.
24 11.   <u>Officer Fagan's Performance Improvement Plan (PIP) file</u>. Plaintiffs requested Officer
25 Fagan's PIP file in joint request for production of documents number four. The file is likely to
26 contain relevant and discoverable information. Defendants shall lodge the file for *in camera* review.
27
28 12.   <u>Evidence of Officer Fagan's Anger Management Counseling</u>. Defendants shall produce

1  Officer Fagan's training summary as they agreed to do.

2  13.   *SFPD policy against two probationary officers working patrol together*.  Defendants agreed to search for this policy.  If Defendants locate a document reflecting this policy, it shall produce it.  If no responsive document exists, Defendants shall prepare a declaration detailing the diligent search made.

3  14.   *Memo regarding discipline of Officer Kristal while at Park Station*.  These documents were encompassed within Plaintiff Jordan's request for production of documents number seven.  Sergeant Stansberry recently testified in her deposition that she wrote a memo regarding insubordination by Officer Kristal.  Defendants acknowledge the existence of the memo, but did not produce it because they believe it to be irrelevant.  Defendants shall lodge the memo for *in camera* review.

4  15.   *Records regarding SFPD's accusations, discipline or sanctions against Sergeant Stansberry, including the investigation of the leak of the September 2002 Stansberry memo to the Chronicle*.  Plaintiffs informally requested these records in a letter dated April 15, 2005.  This request is vastly overbroad.  However, if Defendants are in possession of any writings that memorialize instructions regarding overtime for investigation of the leak of the September 2002 memo, those writings must be produced.  The parties shall meet and confer at the conclusion of Sergeant Stansberry's deposition to determine whether any other documents on this issue should be produced.

All documents ordered produced to Plaintiffs shall be produced no later than June 23, 2005.  Defendants shall lodge those documents specified for *in camera* review no later than June 17, 2005.

**IT IS SO ORDERED.**

Dated: June 9, 2005

ELIZABETH D. LAPORTE
United States Magistrate Judge