United States District Court
For the Northern District of California

1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10  JAMES H. WASHBURN JR.,                    No. C-03-00869 MJJ (EDL)
11         Plaintiff,                         No. C-03-1194 MJJ (EDL)
12     v.
                                              **ORDER RE: PRODUCTION OF
13  ALEX FAGAN JR., WALTER CONTRERAS,         DOCUMENTS LODGED FOR** *IN*
    and CITY AND COUNTY OF SAN                *CAMERA* **REVIEW**
14  FRANCISCO, et. al.,
15         Defendants.
                                       /
16
17  KEVIN ROY JORDAN,
18         Plaintiff,
19     v.
20  ALEX FAGAN, JR., JASON KRISTAL, and
    CITY AND COUNTY OF SAN
21  FRANCISCO, et. al.,
22         Defendants.
                                       /
23
24      On June 9, 2005, the Court ordered Defendants to produce for *in camera* review: (1) Officer

25  Fagan's background investigation file; (2) Lieutenant Feeney's counseling memorandum regarding

26  Officer Fagan; (3) Officer Fagan's PIP file; and (4) Sergeant Stansberry's memorandum regarding

27  insubordination by Officer Kristal.  On June 17, 2005, Defendants timely lodged those documents.

28  The Court has reviewed the documents and makes the following Order.

**Background investigation file**

The Court conducted an *in camera* review of the background investigation file to determine whether any information should be redacted based on privacy. While the background investigation file implicates Officer Fagan's privacy interests, the need for the information, the fact that it is not available from any other source and the great public interest in the careful hiring of police officers outweigh the impact of the discovery on privacy rights. Moreover, Dr. Lenhart's report, produced more than four months after the Court ordered its production, opened the door to discovery of the file. Therefore, Defendants shall produce Officer Fagan's entire background investigation file.

The Court notes that in some instances, Defendants properly redacted personal identifying information from the background investigation file such as Officer Fagan's social security number and the telephone numbers of persons who completed reference forms for Officer Fagan. However, not all instances were redacted. The Court cautions Defendants to review the file to ensure that all private identifying information is redacted.

**Lieutenant Feeney's memo**

This memo, which recounts informal counseling given to Officer Fagan, is highly relevant, but implicates Officer Fagan's privacy rights. However, the need for the information and the inability to obtain it elsewhere weigh in favor of production of the memo. Further, the public interest in the hiring and employment of good police officers is great. Therefore, Defendants must produce Lieutenent Feeney's memo.

**Officer Fagan's PIP file**

Officer Fagan's privacy interests in this file are outweighed by the need for the information and the inability to obtain it elsewhere. Not all of the file, however, is relevant and discoverable. Defendants shall produce Bates-stamped numbers WASH/JORD 00717-00726, 00740-00743, 00760-00768, 00774-00777, 00778-00868.

**Memorandum regarding Officer Kristal**

Defendants did not produce this memo because they believed it to be irrelevant. After reviewing the document, the Court finds that it is relevant and discoverable and must be produced.

//

1  Accordingly, Defendants shall produce the above-described documents no later than July 8,
2 2005. The documents shall be used for purposes of this litigation only and must be kept strictly
3 confidential. If the records or their contents are used in any court filing, the party seeking to file
4 them shall comply with Local Rule 79-5 regarding sealing. The documents shall be destroyed upon
5 the conclusion of this litigation.

**IT IS SO ORDERED.**

Dated: June 23, 2005

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge