IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES H. WASHBURN JR.,<br><br>    Plaintiff,<br><br>v.<br><br>ALEX FAGAN JR., WALTER CONTRERAS, and CITY AND COUNTY OF SAN FRANCISCO, et. al.,<br><br>    Defendants.<br>_____/<br><br>KEVIN ROY JORDAN,<br><br>    Plaintiff,<br><br>v.<br><br>ALEX FAGAN, JR., JASON KRISTAL, and CITY AND COUNTY OF SAN FRANCISCO, et. al.,<br><br>    Defendants.<br>_____/ | No. C-03-00869 MJJ (EDL)<br>No. C-03-1194 MJJ (EDL)<br><br>**ORDER DENYING MOTION TO QUASH DEPOSITION SUBPOENA OF DR. RAND LENHART** |

On March 28, 2005, Plaintiffs served a deposition notice on Dr. Rand Lenhart, an employee of Law Enforcement Psychological Services who evaluated Defendant Officer Fagan as part of a routine pre-employment psychological examination. On May 27, 2005, Dr. Lenhart filed a Motion to Quash the deposition subpoena, arguing that the subject matter of the subpoena is not relevant to establishing Monell liability, is protected by the psychotherapist-patient privilege and is an unjustified infringement on Dr. Lenhart's and Officer Fagan's privacy rights. Plaintiffs filed a Joint

1  Opposition to the motion on June 7, 2005, arguing that they did not seek to discover privileged
2  information.  Instead, Plaintiffs sought to depose Dr. Lenhart regarding: (1) any follow-up by the
3  San Francisco Police Department pertaining to Dr. Lenhart's expressed concerns; (2) the reasoning
4  behind Dr. Lenhart's explicit instructions regarding Officer Fagan's candidacy; (3) the factual basis
5  for Dr. Lenhart's specific findings in his report; (4) the characteristics of an officer candidate that
6  would raise "red flags;" (5) how Dr. Lenhart obtains the information to rate candidates; (6) the
7  sample size used for comparison of candidates; (7) the typical distribution of letter grades; and (8)
8  the typical distribution of categories of candidate suitability.  Defendant submitted a reply on June
9  14, 2005.  Because this motion was appropriate for decision without oral argument, the Court
10 vacated the June 28, 2005 hearing.

11         Dr. Lenhart's deposition is relevant under Monell v. New York City Dep't of Soc. Servs.,
12 436 U.S. 658, 694 (1978).  Further, the psychotherapist-patient privilege does not apply because
13 Officer Fagan undertook the evaluation with the knowledge that Dr. Lenhart would report his
14 conclusions to the police department.  See Siegel v. Abbotstown Borough, 2004 WL 230892, *4
15 (M.D.Pa.) (holding that plaintiff officer could not claim the psychotherapist-patient privilege
16 because he undertook the psychological evaluation knowing it would be released to the police
17 department for use in the hiring process); Siegfried v. City of Easton, 146 F.R.D. 98, 101
18 (E.D.Pa.1992) (same).  Moreover, even if the psychotherapist-patient privilege protects the
19 substance of Officer Fagan's statements to Dr. Lenhart, at least to the extent that they are not
20 reflected in the written report provided to the City, Plaintiffs generally do not seek that information
21 from Dr. Lenhart.

22         Finally, neither Dr. Lenhart's nor Officer Fagan's right of privacy precludes Dr. Lenhart's
23 deposition.  The Court balances the privacy and other interests at stake.  Pagano v. Oroville
24 Hospital, 145 F.R.D. 683, 698-99 (E.D.Cal. 1991).  Here, the privacy interests at stake are not great
25 because Plaintiffs seek only general information regarding the evaluation proceedings, rather than
26 substantive and potentially privileged information pertaining to Dr. Lenhart's discussions with
27 Officer Fagan.  In addition, the public has a strong interest in making sure that the City does not hire
28 officers who are ill-equipped for their position of public trust.

Accordingly, Dr Lenhart's Motion to Quash is denied. However, because the relevance of Dr. Lenhart's testimony is the notice that his report provided to Defendant City, rather than his uncommunicated thoughts, his deposition shall be limited to questioning concerning the following subject matter: (1) the follow-up measures taken by the San Francisco Police Department in response to Dr. Lenhart's report regarding Officer Fagan's suitability to the extent that Dr. Lenhart is aware of any; (2) the characteristics in officer candidates that raise a red flag of psychological unsuitability; (3) Dr. Lenhart's methods for obtaining the information and data to rate one candidate against other candidates; (4) the sample size of other candidates against which any particular evaluation is measured; (5) the typical distribution of letter "grades" for candidates; and (6) the typical distribution of categories of candidate suitability. Dr. Lenhart's deposition shall be limited to three hours, but "speaking" objections are not permitted. See Fed. R. Civ. P. 30(d).

**IT IS SO ORDERED.**

Dated: June 28, 2005

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

3