United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HENRY WASHBURN, JR., | No. C03-0869 MJJ |
| Appellant, | **ORDER REQUIRING APPELLANT TO DESIGNATE ENTIRE TRIAL TRANSCRIPT FOR APPEAL AT APPELLANT'S EXPENSE** |
| v. | |
| ALEX FAGAN, JR., et al., | |
| Appellees. | |

Before the Court is Appellees Alex Fagan, Jr., et al., ("Appellees" or "Fagan, et al.") Administrative Motion for Order Requiring Appellant to Designate Entire Trial Transcript for Appeal at Appellant's Expense.[1]  In response, Appellant, James Henry Washburn, Jr., ("Appellant" or "Washburn") filed with this Court a Certification that Defendant-Appellees' Demand for Supplementation of the Transcript Order is Unnecessary and Frivolous.[2]

Appellees' argue that Appellant's transcript designation was untimely and the issues Appellant plans to raise on appeal require Appellant to order a complete trial transcript. Appellant argues that the issues raised on appeal do not require reference to an entire transcript and, therefore, Appellees' request is unnecessary and frivolous.

The Federal Rules of Appellate Procedure state that the trial transcript is a part of the record on appeal. Fed. R. App. P. 10(a)(2). The appellant shall serve the appellee with notice specifying

---

[1] Docket No. 369, Filed October 4, 2006.

[2] Docket No. 373, Filed October 5, 2006.

1  which portions of the transcript the appellant intends to order on appeal within 10 days of filing the
2  notice of appeal.  Ninth Circuit Local Rules 10-3.1(a); Fed. R. App. P. 10(b).  If the appellant fails to
3  order the full transcript, the appellee may serve upon the appellant, within 10 days, a request that the
4  appellant order the necessary additional portions of the transcript for the appeal.  Ninth Circuit Rule
5  10-3.1(b).  Upon request by the appellee, the appellant "shall" make arrangements to order the
6  additional portions requested unless appellant certifies with the district court that these additional
7  portions are unnecessary to the appeal and "explains why not."  Ninth Circuit Rule 10-3.1(f).  If the
8  appellant intends to raise issues on appeal concerning findings or conclusions unsupported by the
9  evidence, the appellant must include all portions of the transcript relevant to that finding.  Fed. R.
10 App. P. 10(b)(2).

11      Here, it is undisputed that Appellant failed to file a timely notice specifying which portions
12 of the transcript Appellant intended to order on appeal.  *See* Ninth Circuit Local Rules 10-3.1(a).
13 Notwithstanding that procedural deficiency, the Court will address the merits of both parties'
14 contentions.

15      Appellant fails to adequately convince the Court why the entire record is unnecessary on
16 appeal.  As Circuit Rule 10-3.1(f) states, it is Appellant's duty to certify to this Court why the
17 portions of Appellees' request are unnecessary to appeal.  While Washburn argues that the entire
18 transcript might be unnecessary for his own arguments on appeal, he fails to foreclose the relevancy
19 that other portions of the transcript may have on Appellees' rebuttal of those claims.  *See* Ninth
20 Circuit Rule 10-3.1(f).  Appellant fails to recognize that the remainder of the transcript might have
21 relevance to Appellees' rebuttal claim.  Without excluded portions of the transcript, Appellees may
22 be unable to rebut Appellant's claims.  Any portion of the transcript that Appellees need to point out
23 to contest Appellant's arguments on appeal are relevant and necessary to the appeal.  Fed. *See* R.
24 App. P. 10(b)(2).

25      In viewing Appellant's "issues to be raised on appeal"[3] and Appellees' contentions, this
26 Court finds that some of Appellant's issues on appeal relate to relevant information that could be

27

28      [3] (Appellees' Administrative Motion for Order Requiring Appellant to Designate Entire Trial Transcript for Appeal at Appellant's Expense, Exhibit D.)

2

found in areas of the transcript that Appellant has not ordered. Thus, by requesting only portions of the record, Appellant is denying Appellee a chance to rebut certain issues with other relevant evidence from the transcript on appeal. Overall, it is important for the appellate court to have access to the additional portions of the transcript in this appeal in making their determinations. *See Jones v. City of Santa Monica*, 382 F.3d 1052, 1057 (9th Cir. 2004). It is Appellant's duty to provide the appellate court with such access and pay for costs incurred in the process. *See* Circuit Rule 10-3.1.

## CONCLUSION

As a result, the Court **GRANTS** Appellees' Administrative Motion for Order Requiring Appellant to Designate Entire Trial Transcript for Appeal at Appellant's Expense. To the extent the additional necessary portions of the transcript have already been designated by Appellees (*See* Docket No. 374, filed October 12, 2006), Appellant shall bear the burden of such costs.

**IT IS SO ORDERED.**

Dated: December 05, 2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE