IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WASHBURN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FAGAN ET AL,<br><br>　　　　Defendant. | No. C03-0869 MJJ<br><br>**CLARIFICATION OF DISTRICT COURT'S CERTIFICATION THAT APPEAL IS NOT FRIVOLOUS AND DENIAL OF DEFENDANT'S REQUEST FOR ORDER LIMITING PLAINTIFF'S APPEAL** |

**INTRODUCTION**

**INTRODUCTION**

Before the Court is Defendant City and County of San Francisco's ("Defendant") Request for Clarification[1] of this Court's Order, filed June 29, 2007, granting Plaintiff's Administrative Request for certification that his appeal is not frivolous and ordering that transcripts be prepared at Government expense.[2]  Defendant also requests an order clarifying that Plaintiff's appeal be limited to those issues identified in the June 29, 2007 Order.  James Washburn ("Plaintiff") opposes the request.  The Court **CLARIFIES** the Order as follows and **DENIES** Defendant's request for a new order limiting the scope of Plaintiff's appeal.

**FACTUAL BACKGROUND**

On March 5, 2003, the clerk assigned the case of *Washburn v. Fagan* to this Court for all

---

[1] Docket No. 386.

[2] Docket No. 378.

further proceedings. After a jury trial, on July 17, 2006, this Court signed the judgment in favor of defendants in the case of *Washburn v. Fagan*, terminating the civil case. On August 7, 2006, Appellant filed a notice of appeal.

On August 11, 2006, Appellant moved for leave to appeal in forma pauperis, to which Appellee filed objections on September 1, 2006. On September 9, 2006, this Court denied Appellant's motion to proceed in forma pauperis. On October 2, 2006, Appellant filed a transcript request for excerpts of the trial record with the court reporter. On October 4, 2006, Appellee filed an administrative motion in this Court requesting an order requiring designation of the entire transcript for appeal at Appellant's expense. Appellant responded by arguing that the additional parts of the transcript that Appellee requested were unnecessary and that its request was frivolous. On December 5, 2006, this Court ordered Appellant to designate the entire trial transcript for appeal at Appellant's expense. On December 21, 2006, the Ninth Circuit granted Appellant's motion to proceed in forma pauperis.[3] On May 10, 2007, the Ninth Circuit denied Appellant's Motion for production of transcripts at government expense without prejudice to renewal following presentation of the motion to the district court.

In response to the Ninth Circuit's invitation to present the motion for production of transcripts at government expense, appellant filed an Administrative Request for Certification that the Appeal Is Not Frivolous and for an Order that Transcripts Be Prepared at Government Expense. On June 29, 2007, the Court issued an order certifying that Plaintiff's appeal is not frivolous and ordering that transcripts be prepared at government expense. The order reads, in its entirety:

> Before the Court is James Washburn's ("Appellant") Administrative Request for Certification that Appeal Is Not Frivolous and Order that Transcripts Be Prepared at Government Expense. The City and County of San Francisco ("Appellee") opposes the motion. Appellant is among those permitted to proceed in forma pauperis and based upon the record before the Court his appeal presents a substantial question as to probable cause and Monell claims. Therefore, the Court **GRANTS** Plaintiff/Appellant's request for certification that his appeal is not frivolous and **ORDERS** that transcripts be prepared at Government expense.

---

[3] Plaintiff's did not appeal this Court's September 9, 2006, denial of his motion to proceed in forma pauperis but rather filed a new motion before the Ninth Circuit requesting leave to appeal in forma pauperis.

Defendant now requests that the Court clarify that order and issue an order clarifying that the plaintiff's appeal "be limited to those issues identified . . . as not being frivolous, (*i.e.*, 'probable cause and Monell claims'), and that appeal based on any other unrelated issue would be frivolous." (Def.'s Req. for Clarification, p. 2.)

**LEGAL STANDARD**

The United States "shall" pay for transcripts for those permitted to appeal in forma pauperis if the trial judge or a circuit judge certifies that the appeal "is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f).

The Court should decide whether a "substantial question" exists on purely objective grounds. *Ortiz v. Greyhound Corp.*, 192 F.Supp. 903, 905 (D.C.Md. 1959). A substantial question exists where the issue before the court of appeals "is reasonably debatable." *Id.* In case of doubt as to the merits, the court should resolve the issue of providing a transcript at government expense in favor of the appellant. *Id.* at 906.

**ANALYSIS**

Plaintiff's request for certification that his appeal was not frivolous placed the Court in the position of judging the substantiality of Plaintiff's challenges to its own decisions in proceedings before it. The Court issued its certification that Plaintiff's appeal is not frivolous *solely* for determining whether Plaintiff satisfied the requirements for receipt of transcripts at government expense.

"The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Were the Court now purport to limit the scope of Plaintiff's appeal, as Defendant requests, it would serve as a denial of Plaintiff's appeal. Such a denial would improperly encroach on the Ninth Circuit's jurisdiction to decide Plaintiff's appeal.

If Defendant believes that any of Plaintiff's grounds for appeal are frivolous, he is not without recourse. "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."[4] Fed. R. App. P. 38. In addition, the court of appeals may award costs

---

[4] This rule allows Defendant to challenge *any* of Plaintiff's grounds for appeal, including the ones the Court mentioned in its certification that the appeal is not frivolous.

3

to a prevailing party in an appeal even without a determination that the appeal was frivolous. *See* 28 U.S.C. § 1912. Meanwhile, Defendant cites no rule, statute or case law granting this Court the authority to limit Plaintiff's appeal.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's requests for an order limiting Plaintiff's appeal and for an order finding that an appeal based on any other unrelated issue would be frivolous.

**IT IS SO ORDERED.**

Dated: July  10 , 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE