IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WASHBURN, | No. C03-00869 MJJ |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS AND DENYING DEFENDANTS' MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS** |
| v. | |
| FAGAN ET AL, | |
| Defendant. | |

## INTRODUCTION

Before the Court are two motions: (1) Plaintiff James Washburn's ("Plaintiff") Motion for Review of Clerk's Taxation of Costs, or Alternatively, Motion to Stay Costs Pending Outcome of Appeal ("Plaintiff's Motion"); and (2) Defendants Alex Fagan, Jr. and Walter Contreras' ("Defendants") Motion for Review of Clerk's Taxation of Costs. (Docket Nos. 405, 407.) Both Motions are opposed.[1] Having considered the parties' submissions, the Court deems the Motion appropriate for resolution without oral argument.

Accordingly, the Court **GRANTS** Plaintiff's Motion, **DENIES** Defendants' Motion and declines to award costs in this action.

## FACTUAL BACKGROUND

On January 24, 2003, Plaintiff filed a complaint in San Francisco Superior Court against

---

[1] Defendants' Opposition was not timely filed and Plaintiff requests that the Court strike it on that ground. The Court, however, finds no bad faith on Defendants' part and no prejudice if it is considered, and therefore denies Plaintiff's request.

Defendants and the City and County of San Francisco, alleging that Defendants violated Plaintiffs' rights under the Constitution and various state laws. Specifically, Plaintiff alleged: (1) excessive force; (2) assault and battery; (3) unlawful arrest; (4) false arrest and imprisonment; (5) defamation and invasion of privacy; (6) deliberate indifference to medical needs; (7) intentional infliction of emotional distress; (8) California civil rights violations under the Bane Act; (9) failure to intervene; (10) conspiracy and cover-up; and (11) negligence.

After granting two partial motions for summary judgment, the action came before the Court for jury trial in May 2006. On May 17, 2006, a unanimous jury handed down a verdict in favor of Defendants on all causes of action. On July 17, 2006, the Court entered judgment in favor of Defendants.

On July 28, 2006, Defendants filed a bill of costs, requesting an award of $27,275.05. On August 1, 2006, Defendants filed a corrected bill of costs. Plaintiff filed an opposition to Defendants' bill of costs and Defendants filed a reply. On December 28, 2007, the Clerk taxed $5,553.52 in costs against Plaintiff. On December 30, 2007, Plaintiff filed this Motion for Review of Clerk's Taxation. On January 4, 2008 Defendants filed a letter with the Court, pointing out a clerical error in the bill of costs.[2] On January 7, 2008, the Clerk filed a corrected bill of costs which taxed $16,268.71 in costs against Plaintiff. That same day, Defendants filed their Motion for Review of Clerk's Taxation.[3]

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 54(d), the prevailing party in a lawsuit may recover its costs "unless the court otherwise directs." Rule 54(d) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 592 (9th Cir. 2000) (en banc). The losing party bears the burden of making a showing that an award would

---

[2] The December 28, 2007 Bill of Costs includes five line items which add up to $16,268.71. The document, however, states that the total is only $5,553.52.

[3] On January 10, 2008 Plaintiff filed a Motion to Strike Defendants' Motion for Review of Clerk's Taxation of Costs as untimely. However, pursuant to Civil Local Rule 54-5 and Federal Rule of Civil Procedure 6, Defendants Motion was timely filed. Plaintiff's Motion is therefore denied.

2

be inequitable under the circumstances. *See National Information Servs. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995), *overruled in part on other grounds*, 231 F.3d 572 (9th Cir. 2000).

**ANALYSIS**

Plaintiff asserts multiple grounds for a denial of an award of costs, including Plaintiff's limited financial resources, the economic disparity between the parties, the chilling effect of imposing costs on civil rights litigants, the public importance of the issues in the case, the closeness of the case, the merits of plaintiff's case, the Clerk's delay in entering a bill of costs and Defense counsel's misconduct. In the alternative, Plaintiff challenges the award of specific costs, including the cost of the removal fee, the service of subpoenas, deposition transcripts, witness fees, and fees for exemplification and copies. Defendants, in their Motion, argue that the Court should award the full costs originally requested by Defendants.

A combination of several of the factors argued by Plaintiff lead the Court to decline to award costs in this matter. Although Plaintiff has not presented evidence sufficient to show actual indigence,[4] the record before the Court makes clear that Plaintiff is an individual with very limited means. As Plaintiff argues, he lives "hand to mouth" and, in his appeal of this case, the Ninth Circuit approved his application to proceed *in forma pauperis*. Defendants, on the other hand, point out that this Court denied Plaintiff's *in forma pauperis* application before the Circuit approved it. While this Court did deny Plaintiff's request, Plaintiff's sworn statements in his *in forma pauperis* application show that while Plaintiff may have had access to sufficient funds to pay the appellate court's filing fee, it would be incredibly difficult, if not impossible, for Plaintiff to pay the $16,269.71 costs taxed to him in this action.[5] In addition, the Ninth Circuit, despite this Court's ruling, granted Plaintiff *in forma pauperis* status. Thus, the Court's failure to grant Plaintiff's *in forma pauperis* application is not dispositive here.

---

[4] "Indigency is a factor that the district court may properly consider in deciding whether to award costs." *Stanley v. University of Southern California*, 178 F.3d 169, 1079 (9th Cir. 1999). However, the burden is on the losing party to substantiate a claim of indigency. *See Terry v. Allstate Ins. Co.*, 2007 WL 3231716 at *5 (E.D. Cal. Nov. 1, 2007); *Corder v. Lucent Techs. Inc.*, 162 F.3d 924, 929 (7th Cir. 1998).

[5] In his *in forma pauperis application,* Plaintiff testified that at that time he made $600 a month on construction and odd jobs, which was less than his monthly expenses of $650. Plaintiff further testified that he had no other income, but owned a 1987 Honda Civic and had $1300 in the bank.

3

Defendants further contend that Plaintiff received a settlement in a related lawsuit and therefore should have access to resources to pay the cost bill. This argument, however, is unavailing. Plaintiff allegedly received the settlement over two years ago, it was for an amount less than the total costs requested by Defendants here and, most importantly, Plaintiff's receipt of the settlement proceeds does not change the fact that Plaintiff still has very limited means.[6] Therefore, despite Defendants' arguments to the contrary, there exists a significant economic disparity between Plaintiff and the City and County of San Francisco, the entity seeking to recover costs in this action.[7] *See Association of Mexican-American Educators*, 231 F.3d at 592 (affirming the district court's denial of costs because, inter alia, there was a great economic disparity between the plaintiff and defendant).

In addition, imposing the cost bill on Plaintiff would lead to a harsh result that could chill individual litigants of modest means seeking to vindicate important rights under the civil rights laws. *See Schaulis v. CTB/McGraw-Hill Inc.*, 496 F. Supp. 666, 680 (N.D.Cal. 1980); *Stanley v. University of Southern California*, 178 F.3d 1069, 1080 (9th Cir. 1999). This action raised important issues regarding how the San Francisco Police Department dealt with, and supervised, excessive force incidents.[8] In addition, there was great public concern for the issues underlying Defendants' behavior. Thus, while not of the magnitude of the civil rights relief sought in *Association of Mexican-American Educators*, Plaintiff sought to vindicate important civil rights by bringing this action.

The closeness of the case also leads the Court to conclude that an award of costs would be inequitable in this situation. There was conflicting testimony presented at trial regarding

---

[6] Plaintiff's *in forma pauperis* application to this Court was dated August 10, 2006. The settlement check Defendants rely upon was dated September 20, 2005. Thus, whatever inference the Court could draw from the settlement proceeds is undermined by Plaintiff's sworn testimony as to his means one year after receiving the settlement.

[7] Defendant's Bill of Costs (Docket No. 355) indicates that the City and County of San Francisco is the claimant seeking to recover costs in this action.

[8] Although the Court granted Defendants' Motion for Summary Judgment on Plaintiff's *Monell* claims against the City and County of San Francisco, it was a close question and one on which another Judge on this Court ruled the other way. *See Snyder v. City and County of San Francisco*, No. C 03-04927, 2006 WL 889503 (N.D.Cal. Apr. 6, 2006). In addition, while Plaintiff's *Monell* claims did not go to trial, costs associated with these claims were included in Defendants' cost bill. (*See* Cost Bill, Docket No. 355, Exh. 5 at 12.)

4

Defendants' conduct and use of force.  The jury's evaluation of the witnesses' competing versions of events turned largely on credibility issues, and the answers were far from obvious.   Although Plaintiff was ultimately unsuccessful, his case was not without merit.  In fact, before reaching a unanimous verdict, the jury twice sent notes to the Court indicating they may not be able to reach unanimity.

In sum, Plaintiff is an individual of very limited means who cannot, on this record, pay the costs taxed to him.  In addition, there exists a significant economic disparity between the parties.  Furthermore, Plaintiff sought to vindicate important civil rights in this action and the case went all the way to trial on close issues that required the jury's determination of credibility.   For these reasons, and considering the totality of the circumstances, the Court finds that Plaintiff has shown that an award of costs would be inequitable and has therefore overcome the presumption in favor of awarding costs.  The Court, in its discretion, therefore declines to award costs in this matter.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion, **DENIES** Defendants' motion and declines to award costs.

**IT IS SO ORDERED.**

Dated: February 8, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE